IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHERRI WHITE,

    Plaintiff,                      No. CIV-S-04-0397 GEB CMK

vs.

CINEMARK USA INC.,

    Defendants.                **ORDER**

_____/

        The defendants have file an Ex Parte Application To Shorten Time to Hear Defendants' Motion to Compel Depositions [Application].

        In Judge Burrell's Scheduling Order of September 9, 2004, a March 31, 2005 discovery cut-off date was set. In Judge Burrell's order of February 18, 2005, the discovery cut-off date was extended to April 25, 2005.

        In defendant's Application it seeks either an ex parte order extending the discovery cut-off date for an additional two weeks, or alternatively, and order from the magistrate judge compelling the attendance of plaintiff and three of her witnesses on or before April 25 for purposes of having them deposed.

        Of course, the undersigned has no authority to extend the discovery cut-off date since this would require an amendment to Judge Burrell's Scheduling Order. Fed. R. Civ. P. 16(e).

        Although the undersigned does have the authority under L.R. 72-302(c)(1) to

1

1  order the plaintiff and her three witnesses to be deposed, it declines to do so for numerous
2  reasons, the most important of which is the impracticability of ordering four individuals to be
3  deposed during the ensuing next two business days.
4      Anticipating problems with eleventh hour discovery motions, Judge Burrell
5  emphasized in his Scheduling Order that parties "conducting discovery near the discovery
6  'completion' date run the risk of losing the opportunity to have a jurist resolve discovery motions
7  pursuant to the Local Rules."
8      With that being said, the undersigned cannot help but observe the parties total lack
9  of cooperation to date with issues regarding discovery. The file is replete with such examples.
10 Although, the defendant has very little excuse for not conducting discovery immediately
11 following the filing of the Scheduling Order, the plaintiff appears to have frustrated most
12 attempts by the defendant in completing discovery on time.
13     The court is aware that the plaintiff has filed scores of actions in this District
14 involving barriers that she has allegedly encountered in entering establishments. Despite her
15 disabilities, however, she always seems able to enter these public establishments as a precursor to
16 litigations. Yet, she appears to have little trouble in unilaterally cancelling or failing to show up
17 at a scheduled deposition under the pretext that there was no available parking. Considering the
18 incredible expense that has been devoted toward this litigation, the court finds the plaintiff's
19 conduct extremely cavalier.
20     For the foregoing reasons, the court concludes that defendant's remedies lie in
21 seeking modification of the Scheduling Order.
22     IT IS HEREBY ORDERED that defendant's Ex Parte Application for an Order
23 Compelling Discovery be denied.
24 DATED: April 21, 2005
25     /s/  **CRAIG M. KELLISON**
    Craig M. Kellison
26     UNITED STATES MAGISTRATE JUDGE