1

2

3

4             IN THE UNITED STATES DISTRICT COURT

5            FOR THE EASTERN DISTRICT OF CALIFORNIA

6

7    SHERRI WHITE,

8            Plaintiff,              No. CIV-S-04-0397 GEB CMK

9        vs.

10   CINEMARK USA INC.,

11

12           Defendants.          ORDER

13   _____/

14           The defendants have filed an Ex Parte Application To Shorten Time to Hear

15   Defendants' Motion to Compel Depositions [Application].

16           In Judge Burrell's Scheduling Order of September 9, 2004, a March 31, 2005

17   discovery cut-off date was set. In Judge Burrell's order of February 18, 2005, the discovery cut-

18   off date was extended to April 25, 2005.

19           In defendant's Application it seeks either an ex parte order extending the

20   discovery cut-off date for an additional two weeks, or alternatively, and order from the magistrate

21   judge compelling the attendance of plaintiff and three of her witnesses on or before April 25 for

22   purposes of having them deposed.

23           Of course, the undersigned has no authority to extend the discovery cut-off date

24   since this would require an amendment to Judge Burrell's Scheduling Order. Fed. R. Civ. P.

25   16(e).

26           Although the undersigned does have the authority under L.R. 72-302(c)(1) to

1

1  order the plaintiff and her three witnesses to be deposed, it declines to do so for numerous
2  reasons, the most important of which is the impracticability of ordering four individuals to be
3  deposed during the ensuing next two business days.

4             Anticipating problems with eleventh hour discovery motions, Judge Burrell
5  emphasized in his Scheduling Order that parties "conducting discovery near the discovery
6  'completion' date run the risk of losing the opportunity to have a jurist resolve discovery motions
7  pursuant to the Local Rules."

8             With that being said, the undersigned cannot help but observe the parties total lack
9  of cooperation to date with issues regarding discovery. The file is replete with such examples.
10  Although, the defendant has very little excuse for not conducting discovery immediately
11  following the filing of the Scheduling Order, the plaintiff appears to have frustrated most
12  attempts by the defendant in completing discovery on time.

13             The court is aware that the plaintiff has filed scores of actions in this District
14  involving barriers that she has allegedly encountered in entering establishments. Despite her
15  disabilities, however, she always seems able to enter these public establishments as a precursor to
16  litigation. Yet, she appears to have little trouble in unilaterally cancelling or failing to show up at
17  a scheduled deposition under the pretext that there was no available parking. Considering the
18  incredible expense that has been devoted toward this litigation, the court finds the plaintiff's
19  conduct extremely cavalier.

20             For the foregoing reasons, the court concludes that defendant's remedies lie in
21  seeking modification of the Scheduling Order.

22             IT IS HEREBY ORDERED that defendant's Ex Parte Application for an Order
23  Compelling Discovery be denied.

24  DATED: April 21, 2005

25                                        **/s/   CRAIG M. KELLISON**
                                      Craig M. Kellison
26                                        UNITED STATES MAGISTRATE JUDGE