IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHERIE WHITE, | ) | |
| | ) | CIV. S-04-397 GEB KJM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| CINEMARK USA, INC. dba CINEMARK MOVIES 8, | ) | |
| | ) | |
| Defendant. | ) | |

On April 22, 2005, Defendant filed an ex parte application for an order which would amend the Status (Pretrial Scheduling) Order, which was filed on September 8, 2004, and amended on February 18, 2005. The February 18 amendment extended the discovery completion date to April 25, 2005, and the last hearing date for motions to June 27, 2005. Defendant argues in a conclusory manner that these dates should again be extended "because the parties have various deadlines that are rapidly approaching. . . ." and that ex parte relief is appropriate. (Ex Parte Application at 2.)

To prevail on its application, Defendant must set forth in an affidavit of counsel "the reasons why the extension is necessary."

L.R. 6-144(c). Absent a showing of necessity, no reason exists to allow the applicant to disregard the prescribed manner for handling law and motion matters; since to hold otherwise could allow

> ex parte applications [to] contravene the structure and spirit of the Federal Rules of Civil Procedure and the Local Rules of this court. Both contemplate that noticed motions should be the rule and not the exception. Timetables for the submission of responding papers and for the setting of hearings are intended to provide a framework for the fair, orderly, and efficient resolution of disputes. Ex parte applications throw the system out of whack. They impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason. They demand priority consideration, where such consideration is seldom deserved. In effect, they put the applicant "ahead of the pack," without cause or justification. Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have, and should not be used as a way to "cut in line" ahead of those litigants awaiting determination of their properly noticed and timely filed motions.

In re Intermagnetics America, Inc., 101 B.R. 191, 193 (Bankr. C.D. Cal. 1989).

Here, Defendant essentially indicates that conducting discovery close to the prescribed discovery completion date and then encountering difficulties with that discovery attempt satisfies the "necessary" showing prescribed in Local Rule 6-144(c). However, Defendant is mistaken. Defendant's application was filed three days before the discovery completion date and, as stated in the Rule 16 Scheduling Order, "A party conducting discovery near the discovery 'completion' date runs the risk of losing the opportunity to have a jurist resolve discovery motions pursuant to the Local Rules." (Status Order at 3, n.2.)

| | |
|---|---|
| 1 | Furthermore, on February 18, 2005, the Court granted |
| 2 | Defendant's February 16, 2005, ex parte application for an extension |
| 3 | of time and amended the Rule 16 Scheduling Order. "Except for one |
| 4 | such initial extension, <u>ex parte</u> applications for extension of time |
| 5 | will not ordinarily be granted." L.R. 6-144(c). Therefore, |
| 6 | Defendant's April 22, 2005, ex parte application is denied. |
| 7 | IT IS SO ORDERED. |
| 8 | Dated: April 26, 2005 |

<pre>
                              /s/ Garland E. Burrell, Jr.
                              GARLAND E. BURRELL, JR.
                              United States District Judge
</pre>