IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHERIE WHITE,               )
                            )   NO. 2:04-cv-397-GEB-CMK
         Plaintiff,         )
                            )
     v.                     )   FINAL PRETRIAL ORDER
                            )
CINEMARK USA, INC., dba     )
CINEMARK MOVIES 8,          )
                            )
         Defendant.         )
_____)

At the final pretrial conference held on August 22, 2005, Plaintiff was questioned about the reconsideration motion she filed under Federal Rule of Civil Procedure 59(e).[1] As stated at the hearing, the reconsideration motion is untimely because it was noticed for hearing after the last hearing date prescribed in the Rule 16 Scheduling Order for law and motion matters. See U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff, 768 F.2d 1099, 1104 (9th Cir. 1985) (affirming district court's denial of untimely motion since "pretrial order controls the subsequent course of action unless modified by a subsequent order"), rejected on

---

[1] Unless otherwise indicated, all references herein to Rules are to the Federal Rules of Civil Procedure.

1

other grounds, Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir. 1995); Dedge v. Kendrick, 849 F.2d 1398 (11th Cir. 1988) (same); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992) (quoting Rule 16 for the proposition that a scheduling order "shall not be modified except by leave of . . . the district court upon a showing of good cause"); In re San Juan Dupont Plaza Hotel Fire Litig., 111 F.3d 220, 228 (1st Cir. 1997) (indicating that counsel are required to assist the trial judge in setting fixed workable litigation deadlines early in the action "or bear the reasonably foreseeable consequences for their failure to do so.").

Assuming, *arguendo*, that Plaintiff's motion to reconsider was timely noticed for hearing and that the denial of summary judgment constitutes a "judgment" within the meaning of Rule 59(e), the reconsideration motion is denied. "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citing School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)). Plaintiff has not presented arguments or evidence compelling the finding that any of the above circumstances necessitate reconsideration.[2]

However, Plaintiff did make an argument at the final pretrial conference that indicates clarification of a portion of

---

[2] Therefore, the hearing on Plaintiff's motion for reconsideration is vacated.

the ruling Plaintiff sought to have reconsidered could aid the parties.  Specifically, Plaintiff argued that "Card's measurements of the theater . . . contained in his initial disclosure" should not have been stricken.  Since Plaintiff had previously stated in her points and authorities in support of her Rule 59(e) motion to reconsider that "the court didn't strike" the measurement portion of Card's testimony, it appears that Plaintiff considers the ruling ambiguous on this point.  To eliminate any ambiguity, Card's measurements which were disclosed before the discovery completion date are not stricken.

## I. JURY/NON-JURY

All issues shall be tried to the bench.

## II. DISPUTED EVIDENTIARY ISSUES

Any evidentiary dispute capable of being resolved in limine shall be addressed using the following procedure.  Counsel for the parties are required to meet and confer about the dispute.  If the meeting fails to resolve the dispute, the parties are to set forth their respective positions on the dispute in a document entitled "Stipulation Re:  Evidentiary Disagreements," that shall be signed by counsel for the parties and filed no later than 4:30 p.m. on September 27, 2005.[3]

In the Stipulation, after the movant states the legal and factual basis for opposing admission of a clearly-identified, specific item of evidence, the nonmovant shall state its position.  *Failure to state a basis for admissibility or non-admissibility of disputed evidence constitutes a waiver or abandonment of that*

---

[3] The parties also have leave to set forth their agreements on any evidentiary matters in the Stipulation.

*basis*. If the same argument or a portion thereof applies to a dispute over other evidence, that argument may be incorporated by reference where that other disputed evidence is argued.

This procedure is intended to expedite the trial by allowing the judge to understand the factual context involving disputed evidence and to make binding pretrial rulings. The parties are cautioned that failure to utilize this procedure to resolve an evidentiary issue which is capable of resolution in an in limine motion may be deemed a waiver of objection to such evidence, or could result in a ruling excluding the evidence.

III. FACTUAL, LEGAL AND/OR EQUITABLE CONTENTIONS

A. The Final Pretrial Order supersedes the pleadings and controls the facts and claims which may be presented at trial. Any legal theory of relief or affirmative defense asserted in the pleadings but not preserved for trial in this section of the Final Pretrial Order cannot be raised during the trial. Hotel Emp., et al. Health Tr. v. Elks Lodge 1450, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order are eliminated from the action.").

B. The following issues are preserved for trial:

1. The relief Plaintiff seeks is in the parties' Joint Pretrial Statement ("JPS") commencing on page 15, line 11, to and including line 33 on page 17.[4]

---

[4] Although Defendant argues certain relief sought by Plaintiff should be excluded as a trial issue, the correctness of Defendant's position is unclear at this point. However, it does appear that Plaintiff is raising an issue or issues which she lacks standing to litigate, and this matter should be addressed in the parties' trial briefs and proposed findings and conclusions.

4

2.   Defendant argues Plaintiff's requested injunctive relief concerns modifications that are not readily achievable.

          C.   In addition to the matters set forth in Local Rule 16-285, the parties shall brief the following points of law in their trial briefs.

                    1.   The elements, standards, and burdens of proof as to each of Plaintiff's claims, including citations of authority in support thereof.

                    2.   The elements, standards, and burdens of proof as to each of Defendant's defenses, including citations of authority in support thereof.

          Notwithstanding Local Rule 16-285, trial briefs shall be filed with the Court no later than <u>4:30 p.m. on September 27, 2005</u>. A joint or partial joint trial brief is permitted. All legal positions briefed in the trial brief shall be supported with case and applicable statutory authority. <u>See</u> Local Rule 16-285. If separate or partial separate trial briefs are submitted, responding briefs, if any, shall be filed with the Court no later than October 11, 2005. **The trial brief(s) must include "a summary of points of law, including reasonably anticipated disputes concerning admissibility of evidence, legal arguments, and citations of authority in support thereof." Local Rule 16-285(a)(3).**

/////
/////
/////
/////
/////

## IV. WITNESSES

A. Plaintiff expects to call as witnesses, either in person or by deposition, some or all of the persons listed in her attachment to the JPS.[5]

B. Defendant expects to call as witnesses, either in person or by deposition, some or all of the persons listed in its attachment to the JPS.

C. Each party may call a witness designated by the other.

D. No person, other than those named on these witness lists, will be permitted to testify unless:

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not reasonably be anticipated at the pretrial conference; or

(2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "E", below.

E. If a witness is discovered after the pretrial conference, counsel for the party offering the witness shall promptly inform the Court and opposing parties of the existence of the unlisted witness so that the Court may consider at trial whether the witness shall be permitted to testify. The witness will be not be permitted to testify unless:

(1) The witness could not reasonably have been discovered prior to pretrial;

---

[5] Plaintiff struck Michael P. Gibbens from her witness list at the final pretrial conference.

6

(2) The Court and opposing counsel were promptly notified upon discovery of the witness;

                (3) If time permitted, counsel offered the witness for deposition; and

                (4) If time did not permit, a reasonable summary of the witness' testimony was provided to opposing counsel.

V.   EXHIBITS

        A.   Plaintiff intends to offer in evidence the exhibits described in her attachment to the JPS.

        B.   Defendant intends to offer in evidence the exhibits described in its attachment to the JPS.

        C.   No other exhibits will be permitted to be introduced unless:

                (1) The party seeking to use the unlisted exhibit demonstrates that the exhibit is for impeachment;

                (2) The party seeking to use the unlisted exhibit demonstrates that the exhibit is being used to rebut evidence which could not reasonably have been anticipated at the pretrial conference; or

                (3) The unlisted exhibit was discovered after the pretrial conference and the offering party makes the showing required in paragraph "D", below.

        D.   Any party proposing to introduce an exhibit which was discovered after the pretrial conference shall promptly notify the Court and opposing counsel of the existence of such exhibit. The Court will not permit any such exhibit to be introduced unless it finds:

(1) That the exhibit could not reasonably have been discovered prior to the pretrial conference;

                    (2) The Court and counsel were promptly informed of the exhibit's existence; and

                    (3) That the offering party has delivered a copy of the exhibit to opposing counsel, or, if the exhibit may not be copied, that the offering counsel has made the exhibit reasonably available for inspection by opposing counsel.

          E.    Plaintiff's exhibits shall be numbered and marked with colored stickers provided by the Court while Defendant's exhibits shall be designated by alphabetical letter also marked with colored stickers provided by the Court.  To obtain stickers, parties should contact the Clerk of Court at (916) 930-4000.

          The parties are directed to exchange with each other, no later than September 27, 2005, copies of all of their respective exhibits, marked with exhibit stickers provided by the Court.  No later than October 4, 2005, each party shall file with the Court and serve upon opposing counsel objections, if any, to the exhibits, referencing the exhibits as marked by exhibit sticker and specifying the basis for each objection.[6]  Failure to exchange exhibits as ordered could result in the exhibit not being used at trial and/or the imposition of sanctions.  The failure to make objections in the manner prescribed by this section shall constitute a waiver of objections.  A party seeking to admit into evidence an exhibit to which no objection was made must identify said exhibit for the record and then move it into evidence.

---

[6]    The parties have leave to file joint exhibits.  The above procedure is designed for separate exhibits.

Counsel shall produce all exhibits to the Clerk's Office on the Friday before the before trial date, no later than 4:00 p.m. At that time, the parties shall also furnish the Court with a copy of each exhibit, unless the exhibit is physically incapable of being reproduced.  Failure to produce exhibits as ordered could result in waiver of the right to offer those exhibits.  Each party submitting exhibits shall furnish a list to the Court, the courtroom deputy and opposing counsel itemizing the exhibits.

## VI. <u>FURTHER PREPARATION FOR USE OF DISCOVERY DOCUMENTS</u>

A.   It is the duty of counsel to ensure that any depositions which are to be used at trial for any purpose shall have been filed with the clerk, and counsel are cautioned that a failure to discharge this duty may result in preclusion of the use of the unfiled depositions or in the imposition of such other sanctions as the Court deems appropriate.

B.   No later than September 27, 2005, counsel for each party shall serve on the other parties a statement designating all answers to interrogatories and all portions of depositions (except for passages to be used solely for refreshing recollection, impeachment or rebuttal).  No later than October 11, 2005, counter-designations of other portions of these discovery documents may be served.  No later than October 26, 2005, the parties shall file and serve any preserved evidentiary objections to any designated discovery, or said objections are waived.

C. Any deposition or parts thereof shall be submitted as an exhibit with a cover sheet explaining which objections, if any, are waived.  Accordingly, deposition passages need not be read into the record.

## VII. FURTHER DISCOVERY OR MOTIONS

Pursuant to the Court's Pretrial Scheduling Order, all discovery and law and motion was to have been completed prior to the date of the final pretrial conference. That order is confirmed. The parties are, of course, free to conduct any additional discovery they desire pursuant to informal agreement. However, any such agreement will not be enforceable in this Court.

## VIII. PROPOSED FINDINGS AND CONCLUSIONS

Each party shall submit proposed prevailing party findings and conclusions no later than October 11, 2005. <u>FAILURE TO DO SO DISMISSES, WAIVES, OR ABANDONS THAT ISSUE, CLAIM OR DEFENSE.</u> The parties may supplement timely-submitted proposed findings and conclusions as trial progresses, up until closing arguments.

## IX. TRIAL DATE

Trial is set for October 25, 2005. At the pretrial conference the parties estimated the trial will take two (2) days to complete. A trial day will commence at 9:00 a.m. and will adjourn at approximately 4:30 p.m. Counsel are to call Shani Furstenau, Courtroom Deputy, at (916) 930-4114, one week prior to trial to ascertain the status of the trial date.

<u>FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY BE GROUNDS FOR THE IMPOSITION OF SANCTIONS ON ANY AND ALL COUNSEL AS WELL AS ANY PARTY OR PARTIES WHO CAUSE NON-COMPLIANCE WITH THIS ORDER</u>.

IT IS SO ORDERED.

Dated: August 24, 2005  /s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge