IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHERIE WHITE,

        Plaintiff,

    v.

CINEMARK USA, INC., dba
CINEMARK MOVIES 8,

        Defendant.

02:04-cv-397-GEB-CMK

ORDER

Defendants object to the Supplement to the Final Pretrial Order ("SFPO") issued November 23, 2006, arguing several of Plaintiff's injunctive relief claims under the Americans with Disabilities Act and the Unruh Act should be stricken from the SFPO and should not be preserved for trial. (Defs.' Objections at 1-2.)

First, Defendants correctly note that an Order filed August 4, 2005, ("August 4 Order") determined "Plaintiff lacked standing to claim that the path from the accessible parking spaces crosses a route that vehicles travel without providing detectable warnings." (August 4 Order at 11, n.7.) Therefore, Plaintiff's injunctive relief claim that seeks the "[i]nstall[ation] of detectable warning signs [in] the vehicular areas that cross with the pedestrian walkways" is stricken from the SFPO and is not preserved for trial. (SFPO at 4, lines 13-14.)

Defendants also correctly note the August 4 Order granted their motion for summary judgment on all of Plaintiff's injunctive relief claims that were not based on the Advanced Design Consultants' Accessability Improvements Plan ("ADCAI"). (August 4 Order at 16.) Defendants argue all of Plaintiff's injunctive relief claims that "allege violations of the [California Building Code]" and that "are not addressed in the [ADCAI]" should be stricken from the SFPO. (Defs.' Objections at 1-2.) However, since Defendants have not sufficiently demonstrated the specific claims they seek to have stricken are based on guidelines other than the ADCAI, their requested relief cannot be granted at this time.[1]

Finally, Defendants argue an Order filed May 5, 2004, ("May 5 Order") "limited the [injunctive relief claims] at issue" to those based on architectural barriers identified in a Site Inspection Report attached to Plaintiff's Complaint. (Defs.' Objections at 2.) However, the May 5 Order, which addressed Defendants' motion for a more definite statement, only determined Defendants had enough information from the Complaint and the Site Inspection Report "to frame a responsive pleading." (May 5 Order at 2.) Consequently, Defendants' argument that the May 5 Order affected the "scope" of this litigation is without merit. (Defs.' Objections at 2.)

IT IS SO ORDERED.

Dated: August 24, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] The parties should address this matter in their trial briefs and proposed findings and conclusions.

2