IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHERIE WHITE,                            )
                                         )        02:04-cv-0397-GEB-KJM
                    Plaintiff,           )
                                         )
          v.                             )        AMENDED ORDER[*]
                                         )
CINEMARK USA, INC. dba CINEMARK          )
MOVIES 8,                                )
                                         )
                    Defendant.           )
_____)

          Defendant objects to the Supplement to the Final Pretrial

Order ("SFPO") issued November 23, 2005, arguing several of

Plaintiff's injunctive relief claims under the Americans with

Disabilities Act and the Unruh Act should be stricken from the SFPO

and should not be preserved for trial.  (Def.'s Objections at 1-2.)

          First, Defendant correctly notes that an Order filed

August 4, 2005, ("August 4 Order") determined "Plaintiff lacked

standing to claim that the path from the accessible parking spaces

crosses a route that vehicles travel without providing detectable

warnings."  (August 4 Order at 11, n.7.)  Therefore, Plaintiff's

injunctive relief claim that seeks the "[i]nstall[ation] of detectable

warning signs [in] the vehicular areas that cross with the pedestrian

_____

[*]        This Order amends the Order filed August 25, 2006.

1

walkways" is stricken from the SFPO and is not preserved for trial. (SFPO at 4, lines 13-14.)

Defendant also correctly notes the August 4 Order granted their motion for summary judgment on all of Plaintiff's injunctive relief claims that were not based on the Advanced Design Consultants' Accessability Improvements Plan ("ADCAI"). (August 4 Order at 16.) Defendant argues all of Plaintiff's injunctive relief claims that "allege violations of the [California Building Code]" and that "are not addressed in the [ADCAI]" should be stricken from the SFPO. (Def.'s Objections at 1-2.) However, since Defendant has not sufficiently demonstrated the specific claims it seeks to have stricken are based on guidelines other than the ADCAI, its requested relief cannot be granted at this time.[1]

Finally, Defendant argues an Order filed May 5, 2004, ("May 5 Order") "limited the [injunctive relief claims] at issue" to those based on architectural barriers identified in a Site Inspection Report. (Def.s' Objections at 2.) However, the May 5 Order, which addressed Defendant's motion for a more definite statement, only determined Defendant had enough information from the Complaint and the Site Inspection Report that was attached to Plaintiff's opposition "to frame a responsive pleading." (May 5 Order at 2.) Consequently,

/////
/////
/////
/////
/////

_____

[1]     The parties should address this matter in their trial briefs and proposed findings and conclusions.

Defendant's argument that the May 5 Order affected the "scope" of this litigation is without merit.  (Def.s' Objections at 2.)

      IT IS SO ORDERED.

Dated:  August 29, 2006

                                   /s/ Garland E. Burrell, Jr.
                                   GARLAND E. BURRELL, JR.
                                   United States District Judge