IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERIE WHITE, | 02:04-cv-0397-GEB-KJM |
| Plaintiff, | |
| v. | ORDER |
| CINEMARK USA, INC. dba CINEMARK MOVIES 8, | |
| Defendant. | |

Defendant Cinemark ("Cinemark") asserts in its Trial Brief filed August 28, 2006, that Plaintiff lacks standing to pursue architectural barrier claims that she did not personally experience or know about at the time she filed her Complaint. (Def.'s Trial Brief at 14-20.) However, Plaintiff alleges in her Complaint that she "visited the Movie Theater and actually encountered architectural barriers that denied him [sic] full access . . . ." (Pl.'s Compl. ¶ 4.) In light of this allegation, Cinemark has not shown that its standing challenge should be decided at this pre-trial stage of the proceeding.

Cinemark also asserts in its Trial Brief that "Plaintiff should . . . be barred from basing her claims at trial upon alleged accessibility violations at the Theater that are not identified in [her] Complaint, her letter to Cinemark, or [her] Site Inspection

1

Report" because Cinemark never received adequate notice of any alleged violations not contained in these documents. (Def.'s Trial Brief at 12.) A "[p]laintiff may only go forward on alleged violations that are fairly identified in the complaint and any amendments to the complaint[;] [o]therwise the complaint does not give adequate notice to defendant . . . of the[] barriers that [s]he has encountered and for which [s]he claims injury and seeks redress." Wilson v. Norbreck, LLC, 2005 WL 3439714, *1 (E.D. Cal. Dec. 14, 2005); see also Pickern v. Pier 1 Imports (U.S.) Inc., __ F.3d __, 2006 WL 2061178, at *4 (9th Cir. July 26, 2006).

In her Complaint, Plaintiff did not identify the specific accessibility violations she encountered at the Theater; however, she notified Cinemark in a letter and in a Site Inspection Report of the alleged violations for which she claims injury. (See Def.'s Trial Brief at 12.) Cinemark, in the Joint Pretrial Statement, agreed that these documents "identified the alleged violations as to which Plaintiff seeks relief," (Joint Pretrial Statement, filed Aug. 15, 2005, at 6-7, 3-4), and as a result, the Final Pretrial Order preserved these alleged violations for trial, (Final Pretrial Order, filed Aug. 25, 2006, at 4).

Parties can agree to an amendment of the complaint in a joint pretrial statement, and when such an amendment is included in "a pretrial order [this] has the effect of amending the [Complaint]." Acorn v. City of Phoenix, 798 F.2d 1260, 1263 (9th Cir. 1986). Since Cinemark effectively agreed to amend the Complaint to include the violations identified in the letter and the Site Inspection Report, these alleged violations have been properly preserved for trial. However, since Defendant never agreed to amend the Complaint to

2

include any alleged violations not identified in these documents, (Joint Pretrial Statement, filed Aug. 15, 2005, at 6-7, 19), it appears Defendants never received adequate notice of the alleged violations that are identified as claims 5, 6, 7, 8, 15, 19, 20, 23, 26, 27, 28 and 33 in the Supplement to the Final Pretrial Order filed November 23, 2005, ("SFPO").[1]

In addition, Cinemark argues "the only appropriate ADA claims remaining to be tried in this case relate to certain alleged barriers under the ADA that are addressed in the Advanced Design Consultants' Improvement Plan" because an Order filed August 4, 2005, "grant[ed] summary judgment to [Cinemark] . . . on [all] alleged violations of the ADA, except for th[e] alleged . . . violations addressed in Advanced Design Consultants' Improvement Plan." (Def.'s Trial Brief at 8-9.) Cinemark appears correct. White v. Cinemark USA Inc., 2005 WL 1865495, *7 (E.D. Cal. Aug. 3, 2005). Cinemark asserts that claims 2, 5, 7, 10, 18 and 19 in the SFPO are based on the California Building Code, and that claims 14, 15, 16, 17, 18, 24, 25, 26 and 28 in the SFPO also are not based on the Advanced Design Consultants' Improvement Plan. (Def.'s Trial Brief at 7-9.)

---

[1] Although Cinemark argued in the Joint Pretrial Statement that "Plaintiff was barred from basing her claims at trial upon alleged accessibility violations at the Theater that were not identified in [her] Complaint or [her] Preliminary Site Inspection," (Joint Pretrial Statement, filed Aug. 15, 2005, at 19), the Final Pretrial Order inadvertently failed to preserve this argument for trial. Cinemark filed objections to the Final Pretrial Order, in which it requested that the Final Pretrial Order be amended to reflect its arguments in the Joint Pretrial Statement regarding the unplead allegations, (Def.'s Objections, filed Aug. 30, 2005, at 2), but the objection was overruled in the SFPO (SFPO at 3). Cinemark's objection is reconsidered sua sponte.

3

Therefore, unless Plaintiff shows the incorrectness of Cinemark's position on claims 2, 5, 6, 7, 8, 10, 14, 15, 16, 17, 18, 19, 20, 23, 24, 25, 26, 27, 28, and 33 in a responding trial brief, these claims will be dismissed before trial. Plaintiff shall file her responding trial brief no later than 12:00 p.m. on September 6, 2006; if Plaintiff does not file a responsive brief within the time period prescribed, it will be assumed that she does not dispute Cinemark's position.

Finally, the SFPO overruled some of the objections Cinemark filed to the Final Pretrial Order on August 30, 2006; that ruling is reconsidered sua sponte. (See SFPO at 3.) Reconsideration of those objections reveals some of the affirmative defenses Cinemark asserted in the Joint Pretrial Statement should have been preserved for trial in the SFPO. Therefore, the following affirmative defenses are preserved for trial:

1. Some or all of Plaintiff's claims are barred because they are not readily achievable.
2. Plaintiff lacks standing to assert some or all of her claims.
3. Plaintiff failed to mitigate damages.
4. Some or all of Plaintiff's claims are moot.
5. Plaintiff is not entitled to attorney fees because Cinemark acted in good faith.

/////
/////
/////
/////
/////

6.   Plaintiff is not entitled to attorney fees because Plaintiff
            has unclean hands.
            IT IS SO ORDERED.
Dated:  August 31, 2006

                                    /s/ Garland E. Burrell, Jr.
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge